1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN,

11             Plaintiff,              No. CIV S-10-1840 LKK DAD P

12        vs.

13   SCOTT KERNAN, et al.,

14             Defendants.             ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20             Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

                                            1

the preceding month's income credited to plaintiff's prison trust account. These payments shall

be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C.

§ 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

2

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In this case, plaintiff has filed a hand-written complaint that is disorganized and barely legible.  Therein, he appears to complain that unspecified correctional officers from Corcoran State Prison and High Desert State Prison have used excessive force against him on

1  various dates between January 5, 2000, and August 24, 2005.  Plaintiff also appears to complain

2  that prison officials have not filed his administrative grievances or investigated incidents that he

3  has complained of related to staff misconduct, harassment, false imprisonment, and medical

4  deprivation that date back as far as 1996.  In terms of relief, plaintiff requests monetary damages.

5  (Compl. at 1-3.)

6  **DISCUSSION**

7          The allegations in plaintiff's complaint are so vague and conclusory that the court

8  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

9  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

10  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

11  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

12  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

13  with at least some degree of particularity overt acts which defendants engaged in that support his

14  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

15  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

16  amended complaint.

17          If plaintiff chooses to file an amended complaint, he should clarify what

18  constitutional right he believes each defendant has violated and support each claim with factual

19  allegations about each defendant's actions.  Plaintiff must allege facts demonstrating how the

20  conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory

21  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege

22  in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

23  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

25  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

26  /////

4

1  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

2  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3        Plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10  **OTHER MATTERS**

11        Plaintiff has filed two motions for appointment of counsel.  Plaintiff is advised

12  that the United States Supreme Court has ruled that district courts lack authority to require

13  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,

14  490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request

15  the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935

16  F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

17        The test for exceptional circumstances requires the court to evaluate the plaintiff's

18  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

19  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

20  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

21  common to most prisoners, such as lack of legal education and limited law library access, do not

22  establish exceptional circumstances that would warrant a request for voluntary assistance of

23  counsel.  In the present case, the court does not find the required exceptional circumstances.

24  Accordingly, the court will deny plaintiff's motions for appointment of counsel.

25        Plaintiff has also filed a "motion to enforce application to proceed in forma

26  pauperis."  Therein, plaintiff appears to seek a court order requiring prison officials to complete

his application to proceed in forma pauperis.  As noted above, the court has received his

application and will grant him leave to proceed in forma pauperis.  Accordingly, the court will

deny plaintiff's motion as moot.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 17, 2010 motion to proceed in forma pauperis (Doc. No.

11) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

amended complaint in accordance with this order will result in a recommendation that this action

be dismissed without prejudice;

5. Plaintiff's July 15, 2010 and November 19, 2010 motions for appointment of

counsel (Doc. Nos. 2 & 12) are denied;

6. Plaintiff's November 19, 2010 "motion to enforce application to proceed in

forma pauperis" (Doc. No. 13) is denied as moot;

7. Plaintiff's November 22, 2010 and December 6, 2010 motions to proceed in

forma pauperis (Doc. Nos. 14 & 15) are denied as unnecessary; and

/////

/////

/////

1        8.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2    civil rights action.

3    DATED: February 28, 2011.

4

5

6    DAD:9
     gipb1840.14a

7

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7